# EXHIBIT A

*Yronne Mapp*

*18CMB800203034*

Filing # 76066048 E-Filed 08/07/2018 10:25:12 AM

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL    ☐ OTHER<br>☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2018-026112-CA-01 |
| --- | --- | --- |
| PLAINTIFF(S)<br>GREG MIRMELLI | VS.  DEFENDANT(S)<br>the City of Miami Beach<br>DATE 8/24/2018  TIME 3:37PM | SERVICE |

THE STATE OF FLORIDA:                                        INITIAL *7.M*   BADGE# *1417*

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on
defendant(s):    the City of Miami Beach by serving Hon. Dan Gelber, 1700 Convention Center Drive,
Miami Beach, FL 33139

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: Alexander S. Criofsky, Esq.

whose address is: 767 Arthur Godfrey Road, Miami Beach, FL 33140

within 20 days * **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies,
or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days.
When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons
on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | /36565/ DEPUTY CLERK | DATE<br>8/8/2018 |
| --- | --- | --- |

**AMERICANS WITH DISABILITIES ACT OF 1990**
**ADA NOTICE**

"If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of certain
assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson
E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone
(305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your
scheduled court appearance, or immediately upon receiving this notification if the time
before the scheduled appearance is less than 7 days; if you are hearing or voice impaired,
call 711."

CLK/CT. 314 Rev. 02/16                                        Clerk's web address: www.miami-dadeclerk.com

Filing # 75856428 E-Filed 08/01/2018 06:07:39 PM

IN THE CIRCUIT COURT FOR THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISON

CASE NO. $18 - 26112$ $Ca$ $01$

GREG MIRMELLI,

Petitioner,

vs.

CITY OF MIAMI BEACH, a Florida
Municipal Corporation,

Respondent.

_____/

## COMPLAINT FOR DAMAGES AND DECLARATORY ACTION FOR ENFORCEMENT OF FLORIDA PUBLIC RECORDS LAW

Petitioner, GREG MIRMELLI (hereinafter "MIRMELLI"), by and through his undersigned counsel hereby sues Respondent, the CITY OF MIAMI BEACH (hereinafter "the City"), and as grounds therefore states:

### INTRODUCTION

1. This is an action for an injunction and declaratory relief to enforce Plaintiff's right to inspect and copy public records pursuant to Article 1, Section 24 of the Florida Constitution and section 119.07, Florida Statutes.

2. This is also an action questioning a municipality's power to take away basic and fundamental rights of its citizens and/or residents, in pursuit of economic protectionism. In the instant case, it is the right of a single-family home owner to lease his home for a period of less than six (6) months and one (1) day.

3. Petitioner owns property in the City of Miami Beach.

4.     Through this action, Petitioner seeks to invalidate, as unconstitutional, certain regulatory policies enforced by the City—both codified and un-codified—that unreasonably restrict the rental of single-family homes by their owners.

5.     Petitioner contends that these regulatory policies are ultra vires, unconstitutional, and represent an impermissible and excessive exercise of power by the City's Planning and Zoning Director and the City itself.

6.     No rational basis exists to justify these policies.

## JURISDICTION AND VENUE

7.     Petitioner, GREG MIRMELLI, is a resident and citizen of Miami-Dade County, Florida.

8.     Respondent, the CITY OF MIAMI BEACH, is a Florida municipal corporation whose boundaries are within Miami-Dade County, Florida. The City is a "person" within the meaning of 42 U.S.C. §1983 and its acts, set forth below, were performed under color of state law.

9.     This Court has jurisdiction over this action pursuant to Chapter 86, Florida Statutes (2018), Chapter 119, Florida Statutes (2018), to the extent that Plaintiff seeks declaratory relief, as well as by virtue of §26.012, Florida Statutes; Title XXXIII, Ch. 542, §542.15, et seq., Florida Statutes (2017); the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution; and 28 U.S.C. §1331 and 42 U.S.C. §1983.

10.     Venue is proper in Miami-Dade County, Florida, pursuant to Florida Statute §47.011. Moreover, venue is proper because the actions described in this Complaint occurred in Miami-Dade County, Florida, and the property at issue is located in Miami-Dade County, Florida.

## BACKGROUND FACTS

11.     Petitioner, MIRMELLI, purchased his single-family home in August 2007, moved in January 2008 and would like to rent his home on a short term basis. Additionally, MIRMELLI is a licensed real estate salesperson.

12.     Before March 2016, the City's fines for short term rentals ranged from $1500 to $10,000. In March 2016, the City revised its short-term rental ordinance providing fines from $20,000 to $100,000.00.

13.     This market is a real, established, and historically significant one within the hospitality sector of South Florida's tourist industry, particularly in the City of Miami Beach, where there has been a long history of permitted short-term seasonal rentals of single-family homes.

14.     The ability to rent single-family homes provides Plaintiff, and others similarly situated, with revenue that assists with the payment of debt service, maintenance expenses, insurance costs, and property taxes.

15.     Under the ordinance, the special master who hears violations has no ability to reduce these fines. See, e.g., Miami Beach City Code §§ 142-905(b)(5)(a) (the "special master shall not waive or reduce fines").

16.     If a homeowner is found liable, the fine must be recorded in the public records and becomes a lien upon *__any property__* owned by the homeowner. Miami Beach City Code 102-386(c)(3)(d); 142-109(f)(l)(c); 142-905(b)(5)(b)(C); 142-l 11 l(e)(5)(A)(3).

17.     Additionally, upon information and belief, in or around 2015, the City of Miami Beach entered into a confidential settlement with another property owner and realtor allowing short term

rentals in at least ten single family homes throughout Miami Beach to the detriment of other property owners and realtors in Miami Beach.

**SPECIFIC ALLEGATIONS REGARDING STANDING**

18.     As a resident, citizen and property owner in the City of Miami Beach, MIRMELLI possesses the requisite legal standing to maintain this action to the extent that it alleges that the acts of the City and its officials are unconstitutional, *ultra vires,* and unauthorized. Moreover, Petitioner has been directly impacted by the Administrative Interpretation and the Ordinance, including the enforcement of it by the City.

**SPECIFIC ALLEGATIONS REGARDING ENTITLEMENT TO**
**DECLARATORY RELIEF/RIPENESS**

19.     Section 86.021, Florida Statutes, provides, in pertinent part:

> Any person...who may be in doubt about his rights...or whose rights, status, or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance... may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance....and obtain a declaration of rights, status or other equitable or legal relations thereunder.

20.     Because a bona fide dispute exists between the parties, this action is appropriate for declaratory relief. Specifically, Petitioner maintains that the City has been illegally enforcing the Administrative Interpretation and has improperly enforced it against them.

21.     The City, through its actions and/or inactions, has evidenced its position to the contrary and continues to maintain that the Administrative Interpretation was enforceable prior to its codification by ordinance. Accordingly, the Petitioner is in doubt as to his rights, status, or legal relations, with respect to the Administrative Interpretation and the City's enforcement of it, and are also in doubt as to the legal sufficiency of the Administrative Interpretation.

22.     Similarly, a bona fide dispute exists between the parties with respect to the Ordinance, also making this action appropriate for declaratory relief. Specifically, Petitioner contends that the Ordinance is invalid and fails to comply with the requirements of law, both facially and as applied to Petitioner, as more particularly recited herein.

23.     The City's enactment and enforcement of the Ordinance violates Petitioner's procedural and substantive due process rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, as well as Article I, §2 and Article I, §9 of the Florida Constitution.

24.     Moreover, the City's attempt to regulate Petitioner's activities is in direct contravention of Florida's comprehensive statutory framework regarding regulation of in-state trade and commerce and, more specifically, concerning the state's lodging and food service establishments. See, e.g. Title XXXIII, Ch. 509, §§509.013 and 509.242 Florida Statutes, setting forth exclusions to definitions of "public lodging establishments;" §721.25, Florida Statutes, regarding time-share interests in real property and AGO 93-55 (determining that §721.25 "precludes a city from enforcing a local ordinance or regulation based upon the fact that the ownership of the property is on a time-share basis...").

## SPECIFIC ALLEGATIONS REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES AND FUTILITY

25.     Because Petitioner is challenging the constitutionality of certain actions undertaken by the City, including the Ordinance itself, he is not required to, prior to initiating this action, exhaust any administrative remedy to which he might be entitled.

26.     More specifically, with respect to Petitioner's claims involving the City's enforcement of the Administrative Interpretation prior to codification, the facts alleged herein, and the exhibits attached hereto, conclusively demonstrate that the City of Miami Beach has improperly consented to the enforcement of the Administrative Interpretation.

27.     Under these facts and circumstances, any provision in the City's Code pertaining to appeals of "administrative decisions" to the City Commission would not provide an adequate remedy to Petitioner, or would be futile. Any such appeal would lead only to a hearing before the same Commission that has allowed the Administrative Interpretation to be enforced with full knowledge of Petitioner's concerns.

28.     Finally, any provision in the City's Code governing appeals of "administrative decisions" do not apply to the constitutional and legal challenges brought in this complaint to challenge the propriety of the City's administrative actions.

29.     In short, Petitioner does not possess an "adequate" remedy for the redress of his grievance with the City.

30.     Petitioner has retained the undersigned counsel to represent his interests in this action, and is obligated to compensate them for services performed on his behalf. His right to recovery of such costs and fees is provided pursuant to, among other provisions, §542.23 Florida Statutes and 42 U.S.C. §1988.

31.     All conditions precedent to the maintenance of this action have been satisfied or have been waived by the action or inaction of the City.

### SPECIFIC ALLEGATIONS REGARDING PUBLIC RECORDS REQUEST

32.     Plaintiff has requested public records in the custody of the Defendant pertaining to the City's litigation over similar short term rental properties, specifically requesting all settlement documents, transcripts of depositions, responses to discovery served on behalf of the city, any written communication between the city and its attorneys and all communications between the city or its attorneys and plaintiffs for property located at 10 Palm Avenue, Miami Beach, Florida.

33.     The request was made on January 23, 2018 and the City assigned the request #14682 on January 24, 2018. See attached Exhibit "A".

34.     Although the City finally produced several CD's of documents, it has routinely delayed its responses, produced documents that are wholly irrelevant to the request, including, for example, City water bills, and has failed to produce vast amounts of non-exempt public records that were included in the request.

35.     It was not until April 27, 2018, over three months after the request was processed, that the City provided Plaintiff with any documents.

36.     As of the date of this filing, the request remains outstanding and over 2000 pages of non-exempt documents have been withheld from Plaintiff.

37.     Defendants improper withholding of these documents is in violation of Article I, Section 24 of the Florida Constitution and sections 119.07 and 119.10, Florida Statutes, for withholding public records despite Plaintiff's pending Chapter 119 requests.

38.     In addition to violating Chapter 119 of Florida Statutes, Defendants are obstructing Plaintiff from obtaining information that is critical to Plaintiff's case against the City regarding its ban on short term rentals. Several documents that have already been received reveal that the City is selectively enforcing its policy and that it has conspired with non-parties to allow the short term rental of certain properties, including but not limited to 10 Palm Avenue, Miami Beach, Florida. Among these documents are memorandum instructing code enforcement officers to quash or dismiss any code violations for these inexplicably exempt properties.

39.     Defendant's ongoing failure to comply with the requirements of Chapter 119, Florida Statutes clearly violates the public records law. Moreover, it improperly denies Plaintiff

information to which he is entitled in order to demonstrate that the City has improperly and selectively enforced its ban on short term rentals.

40.     Under the Public Records Act, unjustifiable delay in making records available to the point of forcing a requester to file an enforcement action is by itself tantamount to an unlawful refusal to provide public records in violation of the Act.  Promenade D'Iberville, LLC v. Sundy, App. 1 Dist., 145 So.3d 980 (2014).

41.     As such, Plaintiff seeks immediate enforcement of all outstanding public records requests submitted to Defendant, directly or through his undersigned counsel, and pursuant to Fla. Stat. Sec. 119.11.

**COUNT I**
**(VIOLATION OF 42 U.S.C. §1983 SELECTIVE ENFORCEMENT VIOLATION OF THE PLAINTIFF'S EQUAL PROTECTION RIGHTS)**

42.     Petitioner alleges and avers by reference his allegations in paragraphs 1 through 41 above as if fully set forth herein.

43.     At all times material, the acts committed by the City of Miami Beach were done under color of state law.

44.     As described above, the Plaintiff has been treated differently from other similarly situated City of Miami Beach residents. This differential treatment from the City of Miami Beach results from the City of Miami Beach unequally applying facially neutral ordinances for the purpose of discriminating against the Plaintiff and other similarly situated homeowners.

45.     At all times material the City of Miami Beach's actions were in accordance with the City of Miami Beach's customs/policies. Moreover, the City of Miami Beach instituted a custom/policy of allowing a pattern of selective enforcement of its code of ordinances, the arbitrary and selective issuance of citations to the Plaintiff and other similarly situated homeowners.  This includes the

arbitrary and selective imposition of code enforcement fines on Plaintiff, the arbitrary and selective delaying and/or denying of ministerial approvals, and the constant, arbitrary, and selective monitoring of the construction on the Plaintiff's property, in violation of the Plaintiff's Fourteenth Amendment Equal Protection rights.

46.    Moreover, the City of Miami Beach has a duty of providing a safe and secure setting for its residents, so that its residents can exercise their rights without selective enforcement by its officers and employees. That duty included training, supervising, controlling and disciplining its Code Enforcement officers and employees.

47.    The City of Miami Beach is deliberately indifferent to, and violated the  rights of the Plaintiff under the Fourteenth Amendment by failing to train, supervise, control and discipline its Code Enforcement officers or agents under its control, in the execution of their official duties, particularly that such officers and  employees treat the Plaintiff as all other businesses. The City of Miami Beach's failure to adequately train, supervise and control its officers and employees under its command and direction, is part of a pattern, practice and custom or omission that is tantamount to a policy of the City of Miami Beach.

48.    As a direct and proximate result of the City of Miami Beach's wrongful acts, the Plaintiff has suffered damages, including loss of potential business opportunities and loss of value of his property.

49.    Plaintiff, GREG MIRMELLI estimates that if he were allowed to legally rent his property he would have made at least $7,650,000.00 since 2010 at a 50% occupancy rate.

50.    Pursuant to 42 U.S.C. §1988(b), the City of Miami Beach is liable for the Plaintiff's reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, GREG MIRMELLI demands judgment in his favor and against the City of Miami Beach for compensatory and damages, attorneys' fees, costs, and such other and further relief this Court deems just and proper.

## COUNT II
**(Declaratory and Injunctive Relief—Ordinance Violates State Antitrust Laws)**

51.     Petitioner alleges and avers by reference his allegations in paragraphs 1 through 41 above as if fully set forth herein.

52.     Petitioner maintains this cause of action for declaratory and injunctive relief pursuant to Title XXXIII, Ch. 542, §§542.18-542.19 and §§ 542.23-542-235(2), Florida Statutes, for violation of Florida's antitrust laws.

53.     The purpose and practical effect of the Ordinance and its enforcement by the City is to unreasonably restrict and relegate interstate visitors and other single-family clientele seeking short term rental accommodations to the local Miami Beach hoteliers and condominiums.

54.     There is no discernable relationship between the Ordinance and its enforcement, or to the health, safety, or welfare of the citizens of the City of Miami Beach. Instead it is designed to prefer and protect the City's hoteliers and condominiums from competition.

55.     There is no lawful basis for the restriction of the freedom of the property owners in Miami Beach and the City's interstate visitors, including single families. Moreover, the actual or potential anticompetitive effects of the Ordinance and its enforcement by the City outweigh any benefits the public may receive thereby.

56.     A judicial determination of the legality of the Ordinance as a restraint upon trade, both facially and as applied to Petitioner, is appropriate at this time so that Petitioner and the City may ascertain their respective rights and duties.

57.     There is a bona fide, actual, present and practical need for this Court's declaratory judgment.

58.     Petitioner's rights are dependent upon this Court's determination of the controversy between the parties, who have actual, present, adverse, hostile and antagonistic interest in the subject matter of this action.

59.     All conditions precedent to the maintenance of this action have been satisfied or have been waived by the action or inaction of the City.

60.     Petitioner has no adequate remedy other than this action to avoid the improper application of the Ordinance to him and his property.

61.     Petitioner is entitled to an award of his costs and reasonable attorney's fees incurred in successfully bringing this action pursuant to §542.23, Florida Statutes.

        WHEREFORE, Petitioner MIRMELLI demands judgement in his favor: (1) declaring that the Ordinance violates §§542.18-542.19, Florida Statutes as an illegal restraint upon trade and commerce; (2) enjoining enforcement of the Ordinance as against him and his lawful use of his property as further described herein; and (3) for all such further relief that this Court deems equitable and just, including but not limited to a post-judgement injunction enforcing the judgement and an award of attorney's fees and costs.

## COUNT III
### (Ordinance Violates Dormant Commerce Clause)

62.     Petitioner alleges and avers by reference his allegations in paragraphs 1 through 41 above as if fully set forth herein.

63.     Petitioner maintains this claim under 42 U.S.C. §1983 seeking redress for violations of Article I, §8, clause 3 of the United States Constitution.

64.     The City has established a custom, policy, pattern and practice of enacting and enforcing the Ordinance under the color of law, and, as a direct result of this action, has deprived Petitioner of rights, privileges, and immunities secured by the United States Constitution and, specifically, the dormant Commerce Clause. The City's liability for those deprivations is direct and not vicarious.

65.     The purpose and practical effect of the Ordinance is to unreasonable restrict and relegate interstate visitors seeking short term rental accommodations to the local Miami Beach hoteliers and condominiums.

66.     The Commerce Clause of the United States Constitution prohibits states and local governments from engaging in economic protectionism. Because the avowed purpose and practical effect of the Ordinance is to interfere with and unduly burden interstate commerce to the benefit of local interests and to the detriment of out-of-state interests, the ordinance is subject to elevated scrutiny. "The mere 'incantation' of a purpose to promote public health, safety and welfare will not insulate an ordinance." Kassel v. Consolidated Freightways Corp., 450 U.S. 662, 676 (1991).

67.     Further, any such legitimate local purpose can be adequately served by reasonable nondiscriminatory alternatives, such as the City's existing Code restrictions regulating single events (the City's "House Party Ordinance"), traffic, garbage, parking and noise.

68.     Moreover, the putative benefits of the Ordinance to any legitimate local purpose is clearly outweighed by the burden it creates on interstate commerce. Regardless of the discriminatory nature of its impact, the Ordinance effectively removes a local market for short term residential rentals in Miami Beach from the national market.

        WHEREFORE, Petitioner demands judgement in his favor striking the Ordinance as void for violation of the Commerce Clause of the United States Constitution, and requests such further

relief that this Court deems equitable and just, including but not limited to a post-judgement injunction enforcing the judgment and an award of attorney's fees and costs, pursuant to 42 U.S.C. §1988.

### COUNT IV
### (42 U.S.C. §1983—Federal Takings)

69.     Petitioner alleges and avers by reference his allegations in paragraphs 1 through 41 above as if fully set forth herein.

70.     Petitioner maintains this cause of action pursuant to 42 U.S.C. §1983 and seeks monetary damages and attorney's fees, pursuant to 42 U.S.C. §1988, for the deprivation of his property and/or liberty interests, as more particularly set forth herein.

71.     The City has established a custom, policy, pattern and practice of selective enforcement of the Short Term Rental Ordinance and enacting and enforcing the Ordinance under the color of law, and, as a direct result of these actions, has deprived Petitioner of his legitimate business interests (i.e. his liberty to conduct a lawful business free from unreasonable government interference), as well as Petitioner's use of his property in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

72.     The direct and immediate impact of the selective enforcement on Petitioner's use of his private, single-family property in the City, which would be eligible for lease, has resulted in a taking by the City as enunciated by the Supreme Court of the United States in Penn Central Trans. Co. v. New York City, 437 U.S. 104 (1978).

73.     Prior to the passing of the revised Ordinance, which effectively prohibited short-term rentals of single-family homes in the City, neither Petitioner, nor the other owners of single-family homes were prohibited from effectuating a rental of property of less than six (6) months in the City.

74.     The draconian restrictions set forth in the Ordinance and its enforcement are unreasonable, serve to deprive property owners of the use of their private property and improperly target businesses and/or individuals who rent single-family homes to clients who seek alternatives to a hotel. This governmental action is an arbitrary and capricious exercise of the City's powers and has no substantial or rational relation to the public health, safety or welfare.

WHEREFORE, Petitioner demands judgement in his favor and against the City entitling him to damages pursuant to 42 U.S.C. §1983, and requests all such further relief that this Court deems equitable and just, including but not limited to costs, attorney's fees, pursuant to 42 U.S.C. §1988, and a post-judgment injunction enforcing the judgment.

**COUNT V**
**(Substantive Due Process and Takings Claim Under the Florida Constitution)**

75.     Petitioner alleges and avers by reference his allegations in paragraphs 1 through 41 above as if fully set forth herein.

76.     Article I, §2 and Article I, §9 of the Florida Constitution prohibit a municipality, such as Miami Beach, from depriving a person or a corporation of liberty or property without due process of law. In addition, Article X, §6 of the Florida Constitution provides that no private property shall be taken for a public purpose without full compensation being paid to the owner thereof.

77.     The City's actions by raising the penalties have substantially deprived Petitioner of his reasonable investment-backed expectations for the use of his property so as to constitute a taking of his property without compensation.

78.     By prohibiting the lawful use and rental of single-family homes by administrative ordinances and subsequent enactment, revision and enforcement of the Ordinance, the City has substantially and unreasonably interfered with Petitioner's constitutionally protected interest to conduct a lawful business free from arbitrary governmental action that is solely designed to injure

Petitioner and benefit the hotel industry. Moreover, the City has improperly targeted for regulation a certain type of property user, i.e. a putative renter of a single-family home, and has failed to draft an ordinance that regulates the use of the property (as opposed to its user).

79.     Additionally, upon information and belief the City of Miami Beach has entered into one or more confidential settlements with other single family owners allowing certain individuals to rent out single family homes on a short-term basis in violation of Florida's open access.

WHEREFORE, Petitioner demands judgment in his favor, declaring that:

1) the City's actions violate the above-mentioned constitutional provisions and entitle them to money damages within the jurisdiction of this Court, and/or

2) Petitioner has established a nonconforming lawful use of the subject property entitled to grandfather status under Article XI, §118-393 of the City's Code, thereby exempting him from application of the revised Ordinance, and

3) enter all such further relief that this Court deems equitable and just, including but not limited to costs, attorney's fees, and a post-judgment injunction.

## COUNT VI - PREEMPTION

80.     Petitioner alleges and avers by reference his allegations in paragraphs 1 through 41 above as if fully set forth herein.

81.     The City derives its powers from the State of Florida, and it accordingly may not exercise those powers in ways that conflict with, or are preempted by, state law.

82.     Miami Beach City Code§§ 142-905 and 1111 conflict with and are preempted by Florida Statutes § 162.09(2)(d). Florida Statutes § 162.09(2)(d) expressly limits the fines that the Miami Beach Zoning Board of Adjustment can impose to $1,000 per day for the first violation and $5,000

per day for repeat violations. However, the penalties the City currently enforces against property owners who allow short-term rentals vastly exceed these limits.

83.     The City's $20,000 penalty for first-time violators is twenty times higher than the penalty allowed by Florida Statutes§ 162.09(2)(d).

84.     Likewise, the City's escalating penalties of $40,000, $60,000, $80,000, and $100,000 for repeat home-sharing violations are astronomically higher than the $5,000 penalty for repeat violators that is authorized by state statute.

85.     Miami Beach City Code §§ 142-905 and 1111 also violate Florida Statutes § 162.09(2)(d)'s requirement that "[a]ny ordinance imposing such fines shall include criteria to be considered by the code enforcement board or special magistrate in determining the amount of the fines."

86.     Miami Beach City Code §§ 142-905 and 1111 fail to provide criteria which the special master may consider when assessing penalties in specific cases. Instead, they specifically provide that the special master may not reduce the fines in any instance. As a result, these ordinances violate Florida Statutes § 162.09(2)(d).

87.     Plaintiff believes that Miami Beach City Code §§ 142-905 and 1111 violate, conflict with, and are preempted by Florida state law. Plaintiff seeks declaratory relief to determine the extent of his rights in Miami-Dade County, Florida.

88.     Plaintiff has incurred costs related to this lawsuit and seeks an award of reasonable costs pursuant to Florida Statutes § 86.081, as it is equitable to do so.

89.     Plaintiff has an inadequate remedy at law for the substantial harm being caused by Miami Beach City Code§§ 142-905 and 1111.

90.     Miami Beach City Code §§ 142-905 and 1111 have caused, are causing, and will continue to cause irreparable harm to the Plaintiff and to the Miami Beach public.

91.     The public interest would be served by enjoining enforcement of Miami Beach City Code §§ 142-905 and 1111 and entering a declaratory judgment that the penalties imposed by those ordinances, as well as their failure to provide any criteria to be applied when assessing penalties, conflict with and are preempted by Florida state law.

WHEREFORE, Plaintiff respectfully requests relief as follows:

    a.  a declaratory judgment that Miami Beach City Code §§ 142-905(b)(5) and 1111 are preempted by Florida Statues§ 162.09(2)(d);

    b.  permanent injunction against the City of Miami Beach prohibiting the City from enforcing Miami Beach City Code§§ 142-905(b)(5)(a) and 111l(e) and/or setting penalties for short- term rentals that exceed those permitted by state law;

    c.  an award of costs; and,

    d.  any further relief as this Court deems just and proper.

### COUNT VII
### Violation of Florida Statute Section 119.07(1)(A)

92.     Petitioner alleges and avers by reference his allegations in paragraphs 1 through 41 above as if fully set forth herein.

93.     Section 119.07(1)(a), Florida Statutes provides that "every person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so."

94.     The documents requested by Plaintiff pertaining to 10 Palm Avenue, Miami Beach Florida and Defendant's enforcement of its ban on short term rentals are public records subject to the disclosure requirements of article 1, section 24 of the Florida Constitution, as well as section 119.07, Fla. Stat.

95.     No provision is made in Public Records Act for anyone other than custodian of records to withhold a record, and the only justification for withholding record, or portion thereof, is custodian's assertion of exemption under this section. Tribune Co. v. Cannella, 458 So.2d 1075 (1984), appeal dismissed 105 S.Ct. 2315, 471 U.S. 1096, 85 L.Ed.2d 835

96.     The documents requested by Plaintiff pertaining to 10 Palm Avenue, Miami Beach Florida and Defendant's enforcement of its ban on short term rentals are not exempt from the disclosure requirements of article 1, section 24 of the Florida Constitution, and section 119.07, Fla. Stat.

97.     Defendant's failure to produce these requested, responsive documents to Plaintiff's Chapter 119 request constitutes a nondiscretionary refusal to produce public records that violates Section 119.07, Fla. Stat. and article 1, section 24 of the Florida Constitution.

98.     Section 119.11, Fla. Stat. provides that "whenever an action is filed to enforce the provisions of this chapter, the court shall set an immediate hearing, giving the case priority over other pending matters." Unjustifiable delay in making records available to the point of forcing a requester to file an enforcement action is by itself tantamount to an unlawful refusal to provide public records in violation of the Act. See Promenade D'Iberville, LLC v. Sundy, App. 1 Dist., 145 So.3d 980 (2014).

99.     Plaintiff has retained the undersigned counsel to bring this suit and has incurred costs and attorney's fees in bringing this action and is entitled to recovery of costs and reasonable attorney's fees pursuant to Section 119.12, Fla. Stat.

WHEREFORE, Plaintiff demands entry of orders:

    A. Setting an immediate hearing pursuant to section 119.11(1), Fla. Stat. in order to address the City's ongoing refusals to comply with Chapter 119 and article 1, section 24 of the Florida Constitution;

B.  Directing Defendant to appear at said hearing pursuant to section 119.11(1), and to show cause as to why the records requested by Plaintiff should not be ordered to be produced;

C.  Directing Defendant to produce the requested records at said hearing pursuant to section 119.11(1), Fla. Stat.;

D.  Directing Defendant to produce all of the requested records to Plaintiff;

E.  Awarding the Plaintiff costs and reasonable attorneys' fees that he incurred in bringing this action initially, and in seeking the Court's intervention to obtain the records requested; and,

F.  Awarding any other relief that is deemed proper and just.

## DEMAND FOR JURY TRIAL

Petitioner, GREG MIRMELLI, hereby requests a trial by jury on all issues so triable.

Dated this 24th day of July, 2018.

Respectfully submitted,

THE ORLOFSKY LAW FIRM, P.L.
Counsel for Plaintiff, Rosie Burke
767 Arthur Godfrey Road
Miami Beach, Florida 33140
Telephone: 305-538-2344
Facsimile:  305-907-5248


By: /s Alexander S. Orlofsky
      ALEXANDER S. ORLOFSKY, ESQ.
      alex@orlofskylawfirm.com
      Florida Bar No. 676705

# EXHIBIT A

January 23, 2018

**VIA HAND DELIVERY**
MIAMI BEACH CITY CLERK
CITY ATTORNEY
1700 CONVENTION CENTER DRIVE
MIAMI BEACH, FL 33139

RE:   **PUBLIC RECORDS REQUEST**

Dear Sir or Madam:

Please consider this a Public Records Request pursuant to Florida Statute
§119.07.  I am hereby requesting copies or access to original documents in
the case listed below of all settlement documents, any transcripts of
depositions that were taken, responses to discovery served on behalf of the
City of Miami Beach, any written communication between the City of Miami
Beach and its attorneys and all communications between the City or its
attorneys and Plaintiffs, 10 Palm, LLC and Villazzo, LLC:

1. Case No. 09-71297 CA 08, Circuit Court of the Eleventh Judicial Circuit
   in and for Miami-Dade County; entitled *10 Palm, LLC, et. al v. the City
   of Miami Beach*;
2. Case No. 09-23306-CIV-SEITZ, US District Court for the Southern
   District of Florida, Miami Division, entitled *10 Palm, LLC, et. al v. the
   City of Miami Beach*;
3. Case No. 07-30245 CA 30, Circuit Court of the Eleventh Judicial Circuit
   in and for Miami-Dade County; *10 Palm, LLC, et. al v. the City of Miami
   Beach; and,*
4. Case No. 09-23306-CIV-SEITZ, US District Court for the Southern
   District of Florida, Miami Division, entitled *10 Palm, LLC, et. al v. the
   City of Miami Beach*;

In order to save time and costs, please provide all documentations
electronically when possible.  Should you have any questions, please do not
hesitate to contact me.

Very truly yours,

MEGHAN E. PARASCHAK, ESQ.
meghan@orlofskylawfirm.com

January 23, 2018

**VIA HAND DELIVERY**
MIAMI BEACH CITY CLERK
1700 CONVENTION CENTER DRIVE
MIAMI BEACH, FL 33139

RE:   **PUBLIC RECORDS REQUEST**

Dear Sir or Madam:

Please consider this a Public Records Request pursuant to Florida Statute §119.07.   Pursuant to the state's open records act, I am requesting all available documentation of violations of Fla. Stat. Sect. 142-905(b)(5) for the property located at 10 Palm Avenue, Miami Beach, FL 33139, as well as documentation for any other code violations for this property.

Additionally, I am requesting all records relating to the following Code Enforcement Violations:

CE 11001239
CE 11001235
CE 14011800

In order to save time and costs, please provide all documentations electronically when possible.  Should you have any questions, please do not hesitate to contact me.

Very truly yours,

MEGHAN E. PARASCHAK, ESQ.
meghan@orlofskylawfirm.com

RECEIVED
2018 JAN 23 PM 4:43
CITY OF MIAMI BEACH
OFFICE OF THE CITY CLERK